NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON ALBERT THURTON, | No. 20-73025 |
| Petitioner, | |
| v. | Agency No. A208-356-408 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2021**
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and BREYER,*** District Judge.

Jason Thurton appeals from a Final Administrative Removal Order issued

against him by the Department of Homeland Security ("DHS") under 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

§ 1228(b). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

1. Thurton contends that DHS abused its discretion when the agency denied him a 10-day window to respond to the Notice of Intent. Under 8 C.F.R. § 238.1(c)(1), a noncitizen who does not concede deportability "will have 10 calendar days . . . to file a response" to a Notice of Intent. *See also* 8 U.S.C. § 1228(b)(4)(C) ("[The agency] shall provide that . . . the alien has a reasonable opportunity to inspect the evidence and rebut the charges."). Here, Thurton stated that he wished to "contest [his] deportability" and was "attaching documents in support of [his] rebuttal and request for further review." Nonetheless, DHS immediately issued Thurton a removal order—which had the same date and time stamp as the Notice of Intent—instead of giving him 10 days to respond or request review of the government's evidence. The government concedes that this was procedural error.

But Thurton has not demonstrated how he was prejudiced by the error. On appeal, he challenges only his alienage. He does not dispute that he was convicted of an aggravated felony that makes him removable under 8 U.S.C. § 1228(b). Because he does not allege, even with additional time on appeal, that he is a United

---

[1] We also deny Thurton's motion for a stay of removal as moot (Dkt. No. 1) and deny his motion to supplement the record (Dkt. No. 18).

States citizen, national, or lawful permanent resident, we conclude that the agency's error was harmless. *See United States v. Calderon-Medina*, 591 F.2d 529, 531 (9th Cir. 1979) ("Violation of a regulation renders a deportation unlawful only if the violation prejudiced interests of the alien which were protected by the regulation.").

2. Thurton also argues that DHS violated his due process rights by denying him access to counsel during his removal proceeding, and that this error warrants a presumption of prejudice and actually prejudiced him. But Thurton's contention is squarely foreclosed by *Gomez-Velazco v. Sessions*, 879 F.3d 989 (9th Cir. 2018), which held that in administrative removal proceedings, a petitioner who "is denied the right to counsel during his initial interaction with DHS officers" must demonstrate prejudice, "provided the individual is able to consult with counsel before the removal order is executed." *Id.* at 994–95. Again, because Thurton's only argument regarding prejudice is about his alienage, and because he does not allege—even with counsel on appeal—that he is a United States citizen, national, or lawful permanent resident, he is unable to show how the "violation potentially affected the outcome of the immigration proceeding." *Id.* at 993. Thus, we also reject Thurton's due process claim.

**PETITION FOR REVIEW DENIED.**

3